■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARRY BERMAN, Appellant.

APPEAL from a judgment of a Court of Special Sessions of the City of New York, New York County, rendered August 11, 1959 upon defendant's conviction of violating section 965 of the Penal Law.

Judgment affirmed.

M. M. FRANK, J. (dissenting in part). The defendant was charged with violations of the Penal Law (§ 965), in an information filed against him containing 13 counts. Three were dismissed, and the defendant was convicted under the remaining 10 counts.

The section provides that:

" Any person who shall, directly or indirectly, solicit, request, demand, receive, collect or accept from another, or who agrees to solicit, request, demand, receive, collect or accept from another, any donation, gratuity, bonus, emolument, gift, payment or thing of value, in addition to lawful charges, upon the representation, understanding or statement that compliance with such request or demand will facilitate, influence or procure an advantage over others in entering into an agreement, either oral or written, for the lease or rental of real property for any term or for the use or occupation thereof, or any person who shall refuse to enter into any such agreement unless he receives, directly or indirectly, any such donation, gratuity, bonus, emolument, gift, payment or thing of value, shall be guilty of a misdemeanor.

" Any person who, directly or indirectly, aids, abets, requests or authorizes any other person to violate any of the provisions of this section shall be guilty of a violation of the provisions of this section."

I concur in the affirmance of the convictions on counts 1, 2, 3, 5 and 6. I must dissent, however, from the affirmance of the convictions under counts 7, 8, 9, 10 and 11. I am of the opinion that as to these the People failed to establish violations of the section and failed to prove the guilt of the defendant beyond a reasonable doubt. The section does not apply to the collection of excessive security or its retention as prohibited by the rent control statutes, the Real Property Law, or in violation of the Penal Law (§ 1302-a).

Briefly, the facts pertaining to count 8 are that in May, 1957, the defendant, as agent of premises 59 Montgomery Street, let an apartment to one Acosta, collecting one month's rent plus $100. The People contended that the latter sum constituted a bonus for renting the apartment. When Acosta moved into the premises, a new refrigerator and a new gas range were installed. The defendant offered proof that for the new equipment to function properly, it was necessary to convert the electric current from direct to alternating, and that the money was paid for the purpose of defraying the cost thereof. Months later, after an investigation, the Rent Commission disallowed the retention of

the $100 for the alteration, but directed a small monthly increase in rent. The landlord, not the defendant, thereupon remitted the difference to the tenant. Independent proof in support of the defense, such as evidence of the change in current and the supplying of new equipment, is contained in the record. Under the circumstances, while there may have been a violation of the rent commission regulations, the proof did not justify a finding of guilt of the count as alleged in the information.

In counts 7, 9, 10 and 11, the defendant was respectively charged with extorting the sum of $100 as a bonus from one Gomez in connection with the renting of an apartment in premises 228 Rivington Street; $50 from one Fernando Rosario, a tenant in premises 640 East 13th Street; $100 from one Juana Ramos in premises 228 Rivington Street; and $100 from one Elba Morales in premises 514 East 5th Street.

In each instance, the defendant was the agent for the owner of the named premises. It was his contention that he collected the specified sum from each of the tenants as security for the payment of rent under a written lease, and that the money so collected was turned over to the landlord. The respective landlords testified that the defendant turned over the full sum so received from the complainant in each of the counts mentioned.

Each tenant testifying for the prosecution admitted signing a written lease, but failed to produce the document in court. The landlords' copies of the leases were received in evidence and these exhibits bear the notation " $100 — security." They appear to be in the same handwriting and the same ink as the other writings on the documents. It was the prosecution's contention that the security notations on the leases in evidence were written after the fact. If there was any merit to that contention, the production of the tenants' copies of the leases lacking similar notations would have been conclusive. In my view, the failure to produce them at the trial — although there was ample time — destroyed the inference sought to be drawn by the prosecution and permitted but one conclusion, i.e., that the moneys were received as security under the leases, and not in violation of the Penal Law. Moreover, the proof was uncontradicted that when one of the buildings was sold, the purchaser received credit for the security collected. When title to another building was acquired by the city for a housing project, the security was returned to the tenant by the landlord, not by the defendant.

It is quite significant that in none of the counts under discussion was it alleged that the landlord was a co-conspirator or aided or abetted the defendant. Thus the charge that the defendant extracted illegal bonuses or gratuities for himself was not established, for the People utterly failed to meet the defense that these moneys were collected as security on behalf of the landlords of the individual buildings named in the respective counts. On the other hand, if the prosecution was predicated upon the existence of a conspiracy between the defendant and the owners of the buildings, then the information was defective in respect of the counts referred to, and the convictions thereunder should not be sustained.

There is no need to elaborate upon the rule that each count in an information, as in an indictment, constitutes a separate crime, and the People are required to prove the guilt of a defendant to each count separate and apart from the others. That the guilt of a defendant is properly established as to some, does not permit an assumption that guilt as to the rest necessarily follows.

The conviction of the defendant under counts 7, 8, 9, 10 and 11, should be reversed and the information dismissed, on the facts and the law, the sentences should be vacated, and the fines remitted.

Botein, P. J., Rabin, McNally and Stevens, JJ., concur in decision; M. M. Frank, J., (deceased), dissented in part and voted to dismiss counts 7, 8, 9, 10 and 11 of the information, in opinion.

Judgment affirmed.